# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

### JUDGMENT IN A CRIMINAL CASE

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 3:04-cr-143-J-25TEM |
| v. | USM Number: 30604-018 |
| KURT ALLEN KIMBLE | Defendant's Attorney: Otto D. Rafuse, Esq. (ret) |

**THE DEFENDANT:**

_X_ pleaded guilty to Count One of the Indictment.
_ pleaded nolo contendere to Count which was accepted by the court.
_ was found guilty on Count after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 2422(b) | Use of the mail, a facility or a means of interstate commerce to persuade, induce, entice or coerce an individual less than age 18 to engage in a criminal sexual act. | May 2004 | One |

    The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

_ The defendant has been found not guilty on Count(s)
_X_ Count Two of the Indictment is dismissed pursuant to the Plea Agreement.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

Date of Imposition of Judgment: November 18, 2004

**HENRY LEE ADAMS, JR.**
**UNITED STATES DISTRICT JUDGE**

DATE: November 23, 2004

Defendant: KURT ALLEN KIMBLE  Judgment - Page 2 of 7
Case No.: 3:04-cr-143-J-25TEM

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **sixty (60) months.**

_X_ The court makes the following recommendations to the Bureau of Prisons: That the defendant be evaluated/tested for human pap virus for genital warts.

_X_ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district.

  ___ at ___ a.m./p.m. on ___.
  ___ as notified by the United States Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

  ___ before 2 p.m. on ___.
  ___ as notified by the United States Marshal.
  ___ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
United States Marshal

By:_____
Deputy Marshal

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 3 - Supervised Release

Defendant: KURT ALLEN KIMBLE  Judgment - Page _3_ of _7_
Case No.: 3:04-cr-143-J-25TEM

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **four (4) years**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

| _ | The above drug testing condition is suspended, based on the Court's determination that the defendant poses a low risk of future substance abuse. |
|---|---|
| X | The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. |
| X | The defendant shall cooperate in the collection of DNA as direction by the probation officer. |
| X | The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. |
| _ | The defendant shall participate in an approved program for domestic violence. |

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the Court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

Defendant: KURT ALLEN KIMBLE                                         Judgment - Page 4 of 7
Case No.   3:04-cr-143-J-25TEM

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**ADDITIONAL SUPERVISED RELEASE TERMS**

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 3 - Supervised Release CONTINUED

Defendant: KURT ALLEN KIMBLE                                         Judgment - Page 4 of 7
Case No.   3:04-cr-143-J-25TEM

Defendant:   KURT ALLEN KIMBLE                                   Judgment - Page 5 of 7
Case No.:    3:04-cr-143-J-25TEM

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following special conditions of supervised release:

\_    The defendant shall participate in the Home Detention program for a period of \_\_. During this time, defendant will remain at defendant's place of residence except for employment and other activities approved in advance by the defendant's Probation Officer. Defendant will be subject to the standard conditions of Home Detention adopted for use in the Middle District of Florida, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such monitoring not to exceed an amount determined reasonable by the Probation Officer based on ability to pay (or availability of third party payment) and in conformance with the Probation Office's Sliding Scale for Electronic Monitoring Services.

X    The defendant shall participate as directed in an in-patient or out-patient program approved by the Probation Officer for treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Substance Abuse Treatment Services.

X    The defendant shall participate as directed in a program of mental health specializing in sexual offender treatment approved by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable to by Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Mental Health Treatment Services.

X    The defendant shall have no direct contact with minors (under the age of 18) without the written approval of the probation officer and shall refrain from entering into any area where children frequently congregate including: schools, daycare centers, theme parks, playgrounds, etc..

X    The defendant is prohibited from possessing, subscribing to, or viewing, any video, magazine, or literature depicting children in the nude and/or in sexually explicit positions.

X    The defendant shall not possess or use a computer with access to any on line service at any location (including employment) without written approval from the probation officer. This includes access through any internet service provider, bulletin board system, or any public or private computer network system. The defendant shall permit routine inspection of his computer system, hard drives, and other media storage materials, to confirm adherence to this condition. The inspection shall be no more intrusive than is necessary to ensure compliance with this condition. The defendant shall inform his employer, or other third party who may be impacted by this condition, of this computer-related restriction and the computer inspection provision of this condition.

X    Defendant shall submit to a search of his/her person, residence, place of business, or vehicle conducted by the Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties

Defendant: KURT ALLEN KIMBLE  
Case No.: 3:04-cr-143-J-25TEM  
Judgment - Page 6 of 7

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $100.00 |  | $703.50 |

\_ The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. Section 3664(I), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Katryna Fussell<br>22516 U.S. Highway 36<br>Apt. D-15<br>Abita Springs, LA 70420 | $703.50 | $703.50 |  |
| **TOTALS** | $703.50 | $703.50 |  |

X Restitution amount ordered pursuant to plea agreement: $703.50.

\_ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the 15th day after the date of the judgment, pursuant to 18 U.S.C. Section 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. Section 3612(g).

\_ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

\_ the interest requirement is waived for the \_ fine \_ restitution.

\_ the interest requirement for the \_ fine \_ restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Defendant: KURT ALLEN KIMBLE  Judgment - Page _7_ of _7_
Case No.: 3:04-cr-143-J-25TEM

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  **X**  Lump sum payment of $803.50 due immediately, balance due

    _ not later than , or
    X in accordance  _ C,  _ D,  _ E, or  X F below, or

**B**  _  Payment to begin immediately (may be combined with  _ C,  _ D, or  _ F below); or

**C**  _  Payment in equal (e.g., weekly, monthly, quarterly) installments of $ over a period of (e.g., months or years), to commence (e.g., 30 or 60 days) after the date of this judgment; or

**D**  _  Payment in equal (e.g., weekly, monthly, quarterly) installments of $ over a period of (e.g., months or years), to commence (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  _  Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  **X**  Special instructions regarding the payment of criminal monetary penalties:

The defendant is ordered to begin making payments of $100.00 per month and this payment schedule shall continue until such time as the court is notified by the defendant, the victim or the government that there has been a material change in the defendant's ability to pay.

Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

_  Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

_  The defendant shall pay the cost of prosecution.

_  The defendant shall pay the following court cost(s):

**X**  The defendant shall forfeit the defendant's interest in the following property to the United States:

Any property, real or personal, used or intended to be used to commit or to promote the commission of the offense, including but not limited to, an IBM ATTIVA E Series 500 hard drive, Serial No. AM709MV.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.